UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| C.T.M., § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-540-B (BT) |
| § | |
| MARC J. MOORE, Dallas Field Office Director, § | |
| Immigration and Customs Enforcement, Dept. § | |
| Of Homeland Security, Et al., § | |
|     Respondents. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Petitioner C.T.M. filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. For the following reasons, the objections are overruled.

I.

1. <u>C.T.M. objects that the Magistrate Judge's evaluation of the evidence was clearly erroneous.</u>

C.T.M. raises a number of objections arguing the Magistrate Judge's evaluation of the evidence was clearly erroneous. First, she argues the Magistrate Judge erred by "failing to determine that Respondent's agent had not competently evaluated the evidence," and "by failing to allow Petitioner to respond to crucial evidence." (Objs. at 2). She states Respondents' Field Director Kelei Walker "did not have the competence or expertise to evaluate the documents from the Democratic Republic of the Congo (DRC) and elsewhere."

1

(*Id.*) To support this claim, she renews arguments from her amended petition that Walker did not understand the DRC records because of a failure to understand the French language documents, that Respondents' interpretation of her DRC documents were incorrect, and that Walker's statements raise "suspicions of bias."

She also claims for the first time that her school records showing that she attended school when she was one and two years old are not false because "in the DRC, infants sometimes attend schools as the only form of daycare available to them." (*Id.* at 4.) She does not explain, however, how she could be enrolled in classes such as verb conjugation, spelling and grammar, computer science, calligraphy, and others when she was one and two years old. Additionally, she claims the BITMAP information was "rife with inconsistencies" because there is a record "allegedly collected in Panama, but there is nothing on the record to indicate where or who collected the data," that her height and weight varied in each entry, and an entry "allegedly from Costa Rica" lists her country of birth as Haiti. (*Id.* at 4-5.) As stated in the Findings, Conclusions, and Recommendation, Respondents argue that C.T.M. misrepresented her country of birth as Haiti to Costa Rican officials. (ECF No. 68 at 16.) C.T.M.'s objections fail to establish the Magistrate Judge erred in evaluating the evidence in this case.

C.T.M. also argues that although the Magistrate Judge "recognizes Petitioner's claims that her father made representations for her . . . This recognition, without a discussion and conclusion, is at odds with the by (sic) the Magistrate Judge's conclusion that 'Respondents

2

considered the totality of the evidence.'" (Objs. at 5.) The Findings, Conclusions, and Recommendation included C.T.M.'s claim that her father provided a false date of birth for her visa application in 2014, and that she had no control over her father's misrepresentations. (ECF No. 68 at 2.) Further, Walker's declaration also states she considered C.T.M.'s claim that her father misrepresented her age on the 2014 visa application. (Resp. App. 131-133, ECF No. 32-5). This objection is without merit.

C.T.M. also claims Field Officer De La Cruz's statement that he relied on "other records" to determine her age is "so vague[] as to make it impossible to even identify them." (Objs. at 5.) The Findings, Conclusions, and Recommendation show, however, that De La Cruz's report states these "other records" were records submitted to De La Cruz by C.T.M. (*See* ECF No. 68 at 16.) C.T.M. also states Respondents failed to take account that she was a victim of trafficking, but she does not explain how this claim entitles her to relief.

C.T.M. argues she "was also denied an opportunity to respond to the faulty evaluation of evidence or even to identify the errors because Respondents initially withheld evidence and only disclosed it in their Answer to Petitioner's Amended Complaint. Furthermore, the Court did not order a Reply by Petitioner to Respondent's Answer, which in accordance with Fed. R. C. Pro. 7(a)(7), prevented Petitioner from commenting on Respondents' reiteration of the errors described above." (Objs. at 6.) C.T.M., however was not prevented from filing a reply to Respondents' answer. The show cause order in this case stated C.T.M. could file a reply within 15 days of Respondents' answer. (*See* ECF No. 6). Further, C.T.M. could have

3

filed a motion to extend this time, but she did not do so.

Finally, C.T.M. argues the Magistrate Judge erroneously denied her discovery requests and failed to hold an evidentiary hearing. The Magistrate Judge's order thoroughly explained her reasons for denying the requested discovery, and C.T.M. does not explain her objections regarding the denial of her discovery requests. Her conclusory allegations do not establish that the Magistrate Judge erred. Further, C.T.M. has failed to show she was entitled to an evidentiary hearing. These objections are overruled.

2. <u>C.T.M. objects that she has newly discovered evidence entitling her to relief.</u>

C.T.M. claims she has new evidence that Respondents violated her Fifth Amendment due process rights by threatening her with criminal prosecution in an attempt to coerce her into withdrawing her claims. C.T.M. raised this due process claim in her first amended petition. The Magistrate Judge determined C.T.M. failed to establish a due process claim, stating:

> In support of this claim, C.T.M. attaches an email from her counsel to Respondents asking if Respondents, "have ever indicated to CTM that she may be liable to criminal prosecution?," First Amend. Pet. Ex. 12 at 4, and emails from Respondents' counsel discussing C.T.M.'s counsel's motion to withdraw in the immigration case and stating that "if any representations that have been made to the court are now known to you to be false – for example, regarding CTM's claim to be a minor – you have an obligation to correct them.' Pet. Supp. App. 3, 57-3 (ECF Nos. 57-2). These email exchanges fail to establish a due process violation.

(ECF No. 68 at 22-23.)

4

C.T.M. states Respondents have now "proceeded to 'charge' Petitioner in Immigration Court with providing false evidence." (Objs at 6.) In support of her claim she submits a copy of document Respondents filed in her removal proceedings where Respondents argue she is inadmissable or deportable because she falsely claimed to be a minor. (ECF No. 70-3.) This document fails to establish that Respondents have threatened C.T.M. with criminal prosecution in an attempt to coerce her into withdrawing her claims. This objection is without merit.

    3.    <u>C.T.M. objects that the Magistrate Judge's application of the Administrative Procedures Act was erroneous.</u>

C.T.M. objects that the Magistrate erred in determining her claims under the Administrative Procedures Act because she failed "to recognize the clear errors in Respondents' data and Respondents' clear misinterpretations of the data." (Objs. at 8-9.) She also reasserts the claim from her amended petition that Respondents should have considered her a minor from June 2019 to November 2019 because "when Petitioner presented herself for entry into the United States the only evidence of her age was her official Birth Certificate and her statement of her age." (*Id.*)

C.T.M. fails to establish the Magistrate Judge erred in denying her Administrative Procedure Act claims. Her objections do not establish that Respondents' decision was arbitrary or capricious under the APA and, contrary to her assertion that when "Petitioner presented herself for entry into the United States the only evidence of her age was her official

5

Birth Certificate and her statement of her age," (Objs at 8), the Findings, Conclusions, and Recommendation determined that Border Patrol agents also had her 2014 visa application with a date of birth showing that she was an adult. As the Findings, Conclusions, and Recommendation stated:

> [W]hen C.T.M. crossed the San Ysidro Port of Entry, her biometrics were compared with her 2014 visa application. Pet. App. 125-26 (ECF No. 32-5). CBP officials determined she was the same person who made the visa application, but her date of birth on the visa application was November 27, 1993, which would mean she was 26 years old. CBP officials therefore did not transfer her to the ORR, but instead transferred her to ICE custody as an adult. *Id.* 128. The Court finds C.T.M.'s prior visa application provided Respondents reasonable suspicion to believe she was an adult.

(ECF No. 68 at 8-9.) C.T.M. fails to establish the Magistrate Judge committed error.

4. <u>C.T.M. objects that the Magistrate Judge's application of the Due Process Clause was contrary to Law</u>

In C.T.M.'s amended petition, she argued, "in order to hold the State liable for violating plaintiffs' substantive due process rights, plaintiffs are required to demonstrate that the State's conduct "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The government's actions "violate another's substantive due process rights when their actions 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *U.S. v. Guidry*, 456 F.3d 493, 506–07 (5th Cir. 2006) quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992)." (ECF No. 24 at 16.) She now argues this was an incorrect legal standard. (Objs. at 8.) She states Respondents must instead show that her detention was "reasonably related to a legitimate government interest," *citing Bell v.*

*Wolfish*, 441 U.S. 520, 539 (1979), and that the "government has little or no interest in detaining Petitioner as an adult[.]" (Objs. at 9-10.) Respondents however, stated a legitimate government interest in ensuring that adults are not placed with minors, and C.T.M. has failed to show Respondents' decision is not reasonably related to that interest. (*See* ECF No. 68 at 15.) This objection is overruled.

     5.    <u>C.T.M. objects that the Magistrate Judge's determination that she is not entitled to relief under International Law or the Flores Settlement Agreement was contrary to law</u>

C.T.M. objects that she does not claim that international law creates a private right of action, but instead "Petitioner argues that Respondents' failure to treat Petitioner 'in a fair and humane manner,' violates federal common law incorporating the definition of the best interest of the child under customary international law." *Id*. She also claims the Magistrate Judge's "evaluation of the facts was inadequate" under the *Flores* Settlement Agreement. C.T.M.'s claims under federal common law and the *Flores* Settlement Agreement are based on her allegation that she is a minor. However, as stated by the Magistrate Judge, "[b]ecause C.T.M. failed to establish that Respondents unlawfully determined she is an adult, she failed to show the protections of the *Flores* Settlement Agreement apply to her." (ECF No. 68 at 25.) C.T.M.'s objections do not establish that the Magistrate Judge erred in this determination. Her objections are overruled.

     6.    <u>C.T.M. objects that the Magistrate Judge erred in addressing her claims.</u>

C.T.M. claims "[t]he Magistrate Judge did not rule on Petitioner's argument based on

7

*Accardi v. Shaughnessy*, 347 U.S. 260 (1954), which requires an agency to comply with its own regulations and policies that are intended to protect constitutional or statutory rights. Petitioner specifically argued that Respondents had not complied with their Guidelines." (Objs. at 10.) Contrary to C.T.M.'s objection, the Magistrate Judge thoroughly addressed her claim that Respondents violated their own regulations and policies. (*See* ECF No. 68 at 8-7.) The Magistrate Judge concluded that:

> Respondents considered the totality of the evidence as required by the TVPRA and their own regulations. C.T.M.'s claim that Respondents violated the TVPRA and their own regulations should be denied.

(*Id.* at 17.) This objection is without merit.

## II.

For the foregoing reasons, C.T.M.'s objections are OVERRULED and the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Signed this 28th day of July, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE